LANGLEY & KINKEAD *v.* J. H. BURROWS & Co.

The curator *ad hoc* appointed to defend a non-resident has the right of appeal.

The 2d section of the Act of 1855 authorizes commissioners, appointed in other States by the Governor of the State of Louisiana, to take the acknowledgment and proof of any deed, mortgage, &c.; and the 8th section gives to all acts thus acknowledged the force and effect of authentic acts executed in this State. The commissioners are thus vested, by express provision of law, with all the powers of our Justices of the Peace and Notaries. Where an act of sale, mortgage, assignment, &c., is passed before a commissioner, therefore, it requires two witnesses in order to make it authentic, otherwise it is an act under private signature.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*

*C. A. Taylor,* for plaintiffs. *J. H. Maybin,* for defendants and appellants.

DUFFEL, J. The plaintiff obtained an order of seizure and sale, of real property situated in New Orleans, on the following documents, to-wit: 1st, a note of $5000, subscribed by the defendants in Cincinnati, November 22d. 1854, payable one year after date to the order of *Lemuel J. Webster,* at his office in the city of New Orleans, with interest from date at six per cent., and endorsed " without recourse pay to the order of *Langley & Kinkead* (signed) L. J. Webster ; " 2d, a deed of mortgage, in the common law form, executed on the same day, 22d November, 1854, by said defendants, in favor of said *Webster,* his heirs and assigns, to secure the above note, which is fully described in the deed ; 3d, the following act of transfer from *L. J. Webster :* " For value received from *Lewis W. Langley* and *J. D. Kinkead,* partners doing business under the firm and style of *Langley & Kinhead,* I hereby assign and transfer to them all my right, title and interest in and under the foregoing mortgage, and in and to the property therein described, and in the debt designed to be secured thereby ; but the assignment and transfer are made expressly without recourse to me in any event." The mortgage act is signed by the mortgagors and two witnesses, and the act of assignment is signed by the transferrer and two witnesses ; and both acts were acknowledged before the Commissioner of the State of Louisiana in the State of Ohio ; said Commissioner being at the same time one of the subscribing witnesses to the original acts. The acknowledgments are simply attested by the signature of the Commissioner, or in other words, the acts were signed and acknowledged before one witness and the Commissioner. The defendants, who are non-residents, are represented by a curator *ad hoc;* he took a rule on the plaintiffs to show cause why the order of seizure and sale should not be set aside and annulled, and the petition dismissed, among other reasons, because the documents under which the writ issued are not in an authentic form.

The District Judge overruled the motion.

It is contended by the plaintiffs that the acts accompanying the petition for the seizure and sale are authentic acts, and were so declared by an Act of the Legislature approved March 9th, 1855, p. 44, entitled " An Act to provide for the taking of testimony, the acknowledgment of deeds, &c.," which act is a reënactment of the Acts of 1838, p. 55, and 1840, p. 80 ; and also that the curator is not in law authorized to take an appeal. The right of appeal cannot be seriously questioned. *Bach* v. *Ballard et al.,* 13 An. 487 ; 12 R. 457.

As to the first point, the 2d section of the Act of 1855 authorizes Commissioners, appointed in other States by the Governor of the State of Louisiana, to take the acknowledgment and proof of any deed, mortgage, &c.; and the 8th section gives to all acts thus acknowledged the force and effect of authentic acts executed in this State. Thus we may conclude, that those Commissioners are, by express provision of the law, vested with all the powers of our Justices of the Peace and Notaries; and as an authentic act of sale, mortgage, assignment, &c., is an instrument executed, or acknowledged, before a Notary and two witnesses, it necessarily follows, that the documents produced by the plaintiffs are acts under private signature, and, therefore, insufficient to authorize an order of seizure and sale. C. P. Arts. 732 and 733.

It is, therefore, ordered, that the judgment of the District Court be reversed; and it is further ordered, adjudged and decreed, that the order of seizure and sale herein issued by the District Judge be set aside and annulled, and that the petition of the plaintiffs be dismissed, at their costs in both courts.

LAND, J., absent.