No. 92.—M. J. MILLER *v.* J. H. WISNER, Sheriff, et al.

22  457
47  962

22  457
123  242

A promissory note given by a married woman, with mortgage on her paraphernal property to·
secure it, executed under the authorization of the district judge, according to the act of
1855, may be enforced against the wife, in the hands of a third holder, without showing
that it inured to her advantage or benefit.

The holder of negotiable paper, indorsed in blank, is presumed to have acquired it *bona fide*
before maturity, and the burden of showing the contrary falls on the party raising the
question of ownership.

The fact that the party accepting an act of mortgage has no interest therein does not affect the·
validity of the mortgage. 21 An. 3.

Written documents, under private signature, are inadmissible in evidence until the signature
is proved.

A
PPEAL from the Fourteenth District Court, parish of Ouachita..
*Crawford, J.* *Stubbs & Cobb,* for plaintiff and appellant. *Gar-
rett & Garrett,* for defendants and appellees.

WYLY, J. The plaintiff, a married woman, has appealed from a
judgment dissolving the injunction sued out by her against the execu-
tory proceedings of the defendants, Boyd & Martin, on a mortgage
note executed by her on the fourteenth February, 1867.

She objects to the enforcement of the mortgage on various grounds,.
the most serious of which we will notice.

The note, drawn to her own order and indorsed in blank, together
with the mortgage on her paraphernal property was executed under the
authorization of the district judge, according to the act of 1855, "An.
Act to enable married women to contract debts and bind their para-
phernal or dotal property."

The holders of the debt thus contracted, in order to recover, are not
bound to prove that the consideration thereof'inured to the benefit.
of the maker, a married woman.

·In City National Bank *v.* Eliza E. Barrow and Husband, A. Mil--
tenberger, intervenor, 21 An. 396, where the intervenor objected that
the mortgage, although inuring to the wife's benefit, was not valid,.
because not made under the act of 1855, this court remarked : " As to
the law of 1855, invoked by the intervenors, it will be observed that
its object is explained in its title, which declares it to be ' An Act to
enable married women to contract debts and bind their paraphernal,
or dotal property.' Its effect is to dispense the creditor, by an
observance of its formalities, from the obligation, which would other--
wise exist,   *   *   *   to prove that the money advanced by him was
actually applied for the benefit of the wife."

As to the allegation that Boyd & Martin are not tne owners of tne
note—that it belongs to the plaintiff—we will observe there is no proof
in support of it, the burden of proof being on plaintiff. 21 An. 731..
The holders of negotiable paper indorsed in blank are presumed to·
have acquired it before maturity and to be the *bona fide* owners
thereof. If the maker had proved a want of consideration, which she.
has not done, the transferrees, in order to recover, would be bound to·

Miller v. Wisner, Sheriff, et al.

prove they gave a valuable consideration. Union Bank *v.* Ryan, 21 An. 552; Bayley on Bills, 492 to 495; 9 An. 20, 22.

That the debt was not contracted till several months after it had been authorized by the judge, is of no consequence. The holders of the paper are presumed to have acquired it *bona fide* in due course of trade; the formalities required by act of 1855 having been observed, they are protected by the law the same as if the evidence of the debt had been given by a *femme sole.*

The bill of exceptions to which our attention has been called was not well taken; the district judge properly rejected the documents under private signature, on the ground that the signatures were not proved when they were offered in evidence.

That the party accepting the mortgage had no interest therein did not invalidate it. 21 An. 3.

There is nothing apparent on the face of the proceedings or the evidence showing that the plaintiff is entitled to the equitable remedy of injunction. On the contrary, from her own letters, in the record, it appears she has but little reason to appeal to equity.

We will not however increase the damages allowed by the district judge.

It is therefore ordered that the judgment appealed from be affirmed, with costs.