## No. 1094.

### T. C. STANDIFER & CO. vs. J. A. COVINGTON.
### MRS. A. C. LOWERY, WARRANTOR.

A party who holds three judgments against the same debtor cannot be allowed to impute a part payment to the interests accrued on all three of his judgments, when it appears from the record that the sum realized by means of an attachment issued in only one of his judgments, to which the credit must be imputed.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

---

*C. J. Boatner* and *M. J. Liddell* for Plaintiff and Appellant:

An adjudication to the wife, at sheriff's sale, of property of her husband, subject to a special mortgage imposed thereon by the latter, the payment of which she assumes as the purchase price, is absolutely null and in contravention of Art. 2398 of the Civil Code. 1 An. 304; 5 An. 600; 23 An. 440.

The adjudication of property, subject to a special mortgage, binds the purchaser personally to pay such mortgage as a part of the price. 7 An. 298; 10 Rob. 65, 107; 4 N. S. 154.

A judicial mortgage is not extinguished by a sale under an ordinary judgment or junior mortgage, though the property affected by it be subject to a prior special mortgage, the amount of which is bid at the sale.

Sales under *fi. fa.* are made without regard to legal or judicial mortgages, and such mortgages remain unimpaired. 14 An. 665; 8 An. 464; C. P. 710.

Arts. 684, 707 and 708 C. P., have reference solely to special mortgages. 7 An. 614; 5 An. 736, 574; 1 An. 32, 426; 2 An. 617.

A confession of judgment may be validly made out of court and in a suit to be filed thereon. In such case no citation or notice of judgment is necessary. 29 An., Marbury vs. Pace.

*T. O. Benton, R. Richardson* and *T. Skillman* for Defendant and Appellee.

---

The opinion of the Court was delivered by

POCHÉ, J. Defendant's motion to dismiss this appeal on the ground of our want of jurisdiction must prevail.

Plaintiff brought an hypothecary action on three judgments, two for $369.71, each with interest of 8 per cent. per annum from March 10th, 1874, and one for the sum of $425.50, with interest of 8 per cent. per annum on $304.84, and legal interest on $120.66, both from Novem-

ber 1, 1876. All three of the judgments were rendered on November 20th, 1876.

The pleadings and the evidence show a credit of $254.03 in favor of the judgment debtor; and the imputation of that credit according to law is the question involved in the motion.

Plaintiff's contention is, that the credit should be imputed to all the interests which have accrued on his three judgments in the aggregate, and that thus the capital of his judgments would remain about untouched and would show an amount sufficient to give us jurisdiction.

But in this he is not borne out by the record, which shows that the payment of $254.03 was the result of an attachment issued in the judgment for $425.50, and that, therefore, the payment must be imputed to that judgment, as was done by the plaintiff himself in an account which he annexed to his answers to interrogatories.

The record further shows that the credit was received but a few days after the rendition of the judgment, and the judgment would bear interests for not more than a month and a half, and that the interests would not amount to three dollars.

The amount involved in the suit is therefore made up as follows:

Amount in capital of the two judgments of $369.71........$739.42

Attorney's fees of 10 per cent. on same, agreed upon ...... 73.94

Balance of judgment of $425.50 — $254.03................ 171.47

Amount in dispute, exclusive of interests.................$984.83

Hence, it follows that we have no jurisdiction.

The appeal taken herein is therefore dismissed at appellant's costs.