196 So. 335

## BURAS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

No. 35766.

April 29, 1940.

P. M. Milner, of New Orleans, for appellant.

J. A. Woodville and J. L. Warren Woodville, both of New Orleans, for appellees.

LAND, Justice.

On August 27, 1927, plaintiff and her husband entered into a "Bond for Deed" agreement with Priest, Montagnet & Roshko, Inc., real estate agents of the City of New Orleans, to purchase Lots Nos. 3 and 4 in Block No. 5 on the map of Roseland Park Subdivision for the consideration of $1,250. The defendant, Fidelity & Deposit Company of Maryland, was surety for this corporation for the years 1927, 1928 and 1929, on a bond executed under the terms and provisions of Act 236 of 1920.

Plaintiffs allege that on November 29, 1927, the name of the corporation was changed from Priest, Montagnet & Roshko, Inc., to Montagnet & Jones, Inc., and that on or about the 21st day of February, 1929, upon completion of all their payments, they wrote to Montagnet & Jones, Inc., requesting that a good and valid title be made to them translative of the lots in question but that, in spite of repeated demands, plaintiffs have never been able to secure title to the real estate described in the "Bond for Deed."

On June 16, 1938, plaintiffs brought the present suit against the Fidelity & Deposit Company of Maryland, as surety on the "Bond for Deed," to recover the amount of the purchase price paid in the sum of $1,250, with legal interest from February 21, 1929, until paid, together with ten per cent attorney's fees, under the provisions of Act 225 of 1918, on the amount of the principal and interest due.

Judgment was rendered in favor of plaintiffs for the sum of $1,250, with interest and attorney's fees, as prayed for.

From this judgment, the Fidelity & Deposit Company of Maryland was granted a suspensive appeal to this court, which was duly perfected and filed here.

Plaintiffs and appellees move the court to dismiss the appeal for the following reasons:

"The prayer of the petition is for a judgment in the principal sum of $1,250.-00, with legal interest for some nine years and ten per cent penalties.

"Sec. 10 of Art. 7 of the Constitution of 1921, establishes appellate jurisdiction in this Court 'in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed $2,000 exclusive of interest.'

"In order to bring the amount claimed to a sum exceeding $2,000.00 it is necessary to add to the principal demand the interest and penalties. In the case of Wilkins v. Gantt, 32 La.Ann. 929, this Court has decided, under the same language contained in a prior constitution, that interest may not be taken into consideration in fixing the amount which shall determine the jurisdiction of this Honorable Court."

On the other hand, appellant contends that: "It seems to us too clear for argument that the 'amount in dispute' in this case, for the return of money for $1,250, suit being brought nine years after the return of the money was due, must necessarily be construed to be the $1,250, plus accrued interest to date of filing the suit."

The same contention was made in Wilkins v. Gantt, cited supra, but was overruled and the appeal was dismissed.

However, defendant, appellant, in the alternative, has asked this court to apply the provisions of Act 19 of 1912 and transfer this appeal to the Court of Appeal for the Parish of Orleans, as was done in Baker v. Duson, 192 La. 391, 188 So. 40.

 In that case it was held that the Supreme Court, having no jurisdiction on appeal because the amount in controversy does not exceed $2,000, can transfer appeal to the proper court rather than dismiss it. Const. Art. 7, sec. 10; Act 19 of 1912.

For the reasons assigned, this case is ordered transferred to the Court of Appeal for the Parish of Orleans, provided appellant shall file the record in that court within thirty days from the date on which this decree becomes final; otherwise the appeal shall stand dismissed. The appellant is to pay the cost of the appeal to this court; all other costs are to await the final disposition of the case.