McCALEB, Justice.
 

 Plaintiff prosecuted a suspensive and a devolutive, appeal from a judgment rendered by the Second Judicial District Court for the Parish of Jackson rejecting his demand.
 

 The defendant has moved to dismiss the appeal on two grounds: (1) That the amount in controversy does not exceed $2,-000 and, therefore, does not come within the appellate jurisdiction of this Court as provided for by Article VII, Section 10, of the Constitution, and (2) that, in any event, the suspensive appeal should be dismissed since the appellant has failed' to perfect it by filing bond within ten days from the date upon which the judgment was signed.
 

 The record reveals that the plaintiff instituted this suit as holder and owner of a promissory note in the sum of $2,000 allegedly executed by the defendant. In his petition, plaintiff avers that this note was given by the defendant as collateral security for the payment of another promissory note in the sum of $1,980, which had been previously executed by him.
 

 Defendant suggests that this Court is without jurisdiction of the subject matter of the appeal since the maximum amount which plaintiff could recover would be $1,-980 or the amount for which the $2,000 note was given as security. He cites, in support of his contention, Section 10, Article VII, of the Constitution, which establishes appellate jurisdiction of this Court “in civil suits where th'e amount in dispute or the fund to be distributed, * * * shall exceed two thousand dollars exclusive of interest, * *
 

 The point is not well taken. It is immaterial whether we consider this suit to be one for the recovery of $2,000 or $1,980, because each of the promissory notes provides for the payment of 10% of its face value as attorney’s fees, which plaintiff claims in his demand. Hence, the attorney’s fees, when added to the principal of either note, make the total amount of the demand in excess of $2,000.00.
 

 It is well established in our jurisprudence that an attorney’s fee fixed in a promissory note forms part of the demand and that it is inseparable from the main demand in determining the matter of appellate jurisdiction. See Succession of Foster, 51 La.Ann. 1670, 26 So. 568; Mayer v. Stahr, 35 La.Ann. 57; and Standifer & Co. v. Covington, 35 La.Ann. 896.
 

 The case of Buras v. Fidelity
 
 &
 
 Deposit Co. of Maryland, 195 La. 244, 196 So. 335, relied upon by the appellee, is not in point. There the contention was that accrued interest should be added to the principal demand in determining the appellate jurisdiction of this Court. In reject
 
 *442
 
 ing this argument, we cited the case of Wilkins v. Gantt, 32 La.Ann. 929, as authority for the proposition that interest may not be included in determining jurisdiction, but we did not say (as appellee seems to believe) that the attorney’s fee does not constitute part of the amount in controversy.
 

 The other point relied upon by appellee in his motion is that the suspensive appeal should be dismissed because plaintiff failed to perfect it by filing the appeal bond within ten days from the date upon which the judgment was signed. This proposition is likewise without merit. Since plaintiff’s demand was rejected by the lower court, there was nothing to execute and, therefore, no necessity for a suspensive appeal. Plaintiff has filed his bond and the appeal has been fully perfected even though the bond was not filed within ten days from the date of the signing of the judgment.
 

 It is well settled that failure to take an appeal within ten days, exclusive of Sundays, from the signing of a judgment, “is not a cause for which the appeal should be dismissed, but a cause for which, if it is well founded, the appeal should be declared not to have stayed execution of the judgment appealed from. Reine v. Reine, 170 La. 839, 129 So. 364.” Kelly, Weber & Co. v. F. D. Harvey
 
 &
 
 Co., 178 La. 266, 151 So. 201, 203, and Code of Practice, Article 575.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.