Defendant-appellee moves to dismiss this appeal for the reason of our lack of jurisdiction. The suit involves a demand for the sum of $2,000 with legal interest, plus attorneys' fees in the amount of $500. The amount sued for is claimed by plaintiff as the amount due him arising out of the alleged violation by defendant of a contract involving the purchase and sale of certain real estate located near LaPlace, Louisiana. The petition alleges that under the terms of the contract plaintiff is entitled to recover his attorneys' fees.
[1] Appellee contends that the amount of attorneys' fees should be added to the $2,000 claimed and that the aggregate of these amounts is in excess of our maximum jurisdictional limit under Const.1921, art. 7, §§ 10, 29.
[2] This contention is meritorious. It is well established that an attorney's fee fixed in a contract forms part of the demand and that it is inseparable from the main demand in determining the matter of appellate jurisdiction. See Thompson v. Jones, 200 La. 437, 438, 8 So.2d 286, and cases therein cited.
Exercising the discretion with which we are vested by Act No. 19 of 1912, we conclude that the matter should be transferred to the Supreme Court.
[3] In his motion, appellee also contends that the appeal should be dismissed for the reason that the appeal bond furnished by the appellant is defective. As we have no jurisdiction of this matter we cannot pass upon this second ground of complaint. *Page 580 
Therefore, it is ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be adjudicated according to law; the transfer is to be made within sixty days after this judgment becomes final, and if the transfer is not so made, then the appeal is to be considered dismissed; plaintiff-appellant is to pay the costs of appeal in this court, and all other costs are to await the final determination of the matter.
Appeal transferred to Supreme Court.