**76 So.2d 909**

**Cliff PROBST**

**v.**

**Mr. and Mrs. Anthony DI GIOVANNI and A. L. Dammerau.**

**No. 42003.**

Dec. 13, 1954.

McDonald & Buchler, Metairie, and Patrick E. Carr, New Orleans, for plaintiff-appellant.

Frederic C. Querens and Hyman Mithoff, New Orleans, for defendant-appellee.

PONDER, Justice.

Counsel for the appellees has moved to dismiss the appeal in this case on the ground that the citation of appeal was not timely served upon the appellees and the further ground that the suspensive appeal was not timely perfected.

In this case the judgment of the lower court was rendered and signed on June 30, 1954. The plaintiff-appellant petitioned the lower court for a suspensive and devolutive appeal on July 14, 1954, asking for citation of the defendants. Citation was not served on the defendants until August 2, 1954. The return day of the appeal was fixed for August 3, 1954, but it was extended by this Court to September 3, 1954. The transcript originally filed in this Court did not contain an appeal bond but it was later supplemented on September 24, 1954, so as to contain the bond. It appears that the appeal bond was not filed in the lower court until the 19th day of July, 1954, nineteen days after the judgment was rendered and signed.

■ Under the provisions of Article 575 of the Code of Practice, it is essential in perfecting a suspensive appeal to file a bond within 10 days from the date of the judgment. Under the provisions of LSA–R.S. 13:4212 and 13:4213, a judgment becomes executory ten days, exclusive of Sundays, after the expiration of three days, the delay allowed for applying for a new trial or a rehearing. Excluding the Sundays, the bond would have had to have been posted within fifteen days in order to perfect a suspensive appeal. Therefore, the bond having been filed nineteen days after the judgment was rendered, it was not timely filed to suspend the judgment. However, the appeal must be sustained as devolutive because the bond was filed within the year. Graziani v. Elder & Walters Equipment Co., 208 La. 80, 22 So.2d 841, wherein a list of authorities are cited to the effect that it is well settled that this Court will not dismiss an appeal when the bond is not filed within the time prescribed for a suspensive appeal but is filed within the year.

■ The appellees contend that under the provisions of Article 583 of the Code of Practice the appeal should be dismissed because the citation was not served at least fifteen days before the return day of the appeal. Whenever an appellant asks for citation of appeal to be issued and served, the appeal must be sustained even when the citation is not issued or served, unless the record affirmatively discloses that it was the fault of appellant or his counsel. Nunez v. Serpas, 198 La. 415, 3 So.2d 673. The record in this case does not affirmatively show that the delay in serving the citation resulted from the fault of the appellant or his counsel.

For the reasons assigned, the motion is denied as to the devolutive appeal but maintained as to the suspensive appeal at appellees' cost.