REGAN, Judge.
This appeal by Jimmy Moran emanates from the Civil District Court for the Parish of Orleans. The appellee, Diamond Match Company, pleaded that it should be dismissed since the bond was not timely filed and, therefore, the suspensive appeal was never perfected.
The judgment of the lower court was rendered on June 23, 1955 and signed on June 29, 1955. On July 6 1955, the appellant obtained an order for a suspensive appeal but did not file the bond until July 14, 1955.
Article 575 of the Code of Practice provides that in order to perfect a suspensive appeal the appellant must file a bond within ten days, exclusive of Sundays, from the signing of the judgment. Since the judgment was signed on June 29, 1955 and the bond was not filed until July 14, 1955, it was not timely filed. Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733.
However, despite the foregoing, appellant insists that the suspensive appeal should not be dismissed and relies on the case of Probst v. Di Giovanni, 226 La. 625, 76 So. 2d 909, 910. The appeal in the Di Giovanni case emanated from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, and the Supreme Court asserted that “Under the provisions of LSA-R.S. 13:4212 and 13:4213, a judgment becomes executory ten days, exclusive of Sundays, after the expiration of three days, the delay allowed for applying, for a. new trial or a rehearing.” '
The appellant apparently has overlooked the distinction set forth in LSA-R.S. 13 :- 4213 between appeals from Orleans and other parishes of the State.
LSA-R.S. 13:4213 reads:—
“An application for a new trial or rehearing in a civil cause in the district courts must be filed: (1) in Orleans parish, before the-' judgment is signed; and (2) in all other parishes, either before the judgment is signed, or within three days of rendition of judgment if ■ the latter has been ‘signed before filing of the application.”
Therefore, in cases appealed from the Civil District Court for the Parish of Orleans, the ten days allowed by Article 575 of the Code of Practice in which the bond must be filed, begins after the judgment is signed.
While the bond in the instant case was not filed in time to suspend , the judgment of the lower court, it was filed within the year and under the well established jurisprudence of this State, this court will not dismiss the appeal/'but will entertain it as devolutive. Graziani v. Elder & Walters Equipment Co., 208 La. 80, 22 So. 2d 841; Ramizest v. Ramizest, supra; Probst v. Di Giovanni, supra.
For the reasons' assigned the appeal in the instant case is dismissed as suspensive but is maintained as devolutive.
Suspensive appeal dismissed, devolutive appeal maintained.