McCALEB, Justice
(concurring in part; dissenting in part).
It is my opinion that this appeal should be dismissed insofar as it suspends the judgment but maintained as a devolutive appeal. The agreement concisely provides that the Orleans Levee Board is holding $8,337.' 86 in escrow “until such time as a definitive judgment in a Court of original jurisdiction orders the payment or reimbursement * * * to said South Lake Realty Corporation, * * * This is the law between the parties and should be enforced. It cannot be revoked unless by mutual consent or for causes acknowledged by law; it must be performed in good faith. Article 1901 of the Civil Code.
Accordingly, when the judgment was entered below in plaintiff’s favor, defendant was obligated in law to pay over the sum held by it in escrow and a suspensive appeal from the judgment should not have been granted. While Article 575 of the Code of Practice would ordinarily entitle defendant to a suspensive appeal, the provision is inapplicable to this case in view of defendant’s contractual obligation.
On the other hand, it is clear that the appeal should be maintained as a devolutive appeal for, whereas the Levee Board became obliged to pay over the money and thus waived the right of suspensive appeal, it did not agree to become irrevocably bound by the judgment and refrain from taking an appeal. It is well settled that, where an appeal is not maintainable ás a suspensive appeal, it may be sustained as a devolutive one. Probst v. Di Giovanni, 226 La. 625, 76 So.2d 909; Thompson v. Jones, 200 La. 437, 8 So.2d 286 and other cases.