GLADNEY, Judge.
This petitory action by the heirs of the deceased wife of Wesley Browder seeks to establish a right to one-half interest in a tract of land conveyed in 1930 by Wesley Browder to J. B. and Alvin Roby, through whom the defendants trace their claims of title. After a trial on the merits, judgment was rendered recognizing title in plaintiffs to a one-half interest in and to the Southeast Quarter of the Southwest Quarter, Section Twenty-Eight, Township Twenty-Two North, Range Ten West, containing forty acres, more or less, situated in Webster Parish, Louisiana. From the judgment so rendered, the defendants have appealed.
*277 The appeal poses two principal issues: the first relates to the validity of a motion by appellees to dismiss the appeal on the ground the appeal was not taken within one year after the judgment was signed; and second, it must he resolved whether the property in dispute was embraced in the community of acquets and gains existing during the marriage of Passett Willis and Wesley Browder.
Some of the facts declared upon in the motion to dismiss the appeal are inconsistent with the record which must govern our consideration of such factual questions. A careful examination of the record ■discloses: the case was tried on May 22, 1953; judgment was rendered October 7, 1955; application for rehearing was filed October 10, 1955; judgment was signed on November 8, 1955; and defendants’ motion ■or application for rehearing was denied by the court on November 9, 1956. It is further shown that on November 8, 1957, defendants filed a petition and order for de--volutive appeal, and on the same day filed an appropriate appeal bond. It must be observed, therefore, that the appeal was taken within one year from November 9, 1956, the date upon which the judge a quo denied ■defendants’ application for a rehearing.
Although prior to 1950 complete harmony in our jurisprudence did not prevail as to when a motion for new trial or rehearing .should be filed, since the enactment of the Louisiana revised Statutes of 1950, the language used in LSA-R.S 13:4213 has removed any basis for inconsistent court rulings by prescribing that:
“An application for a new trial or rehearing in a civil cause in the district courts must be filed: (1) in Orleans Parish, before the judgment is signed; .and (2) in all other parishes, either before the judgment is signed, or within three days of rendition of judgment if the latter has been signed before filing of the application.”
In like manner LSA-R.S. 13:4214 has dispelled any doubt as to when judgments become executory and also as to the effect of signing a judgment prior to denial of a motion for new trial or rehearing. Thus, LSA-R.S. 13:4214 provides:
“An application for a new trial or a rehearing filed timely as required by R.S. 13:4213, shall suspend the running of the time in which judgments become executory or within which appeals may be taken until the application has been denied. If the application is granted by the court, the judgment shall be considered set aside, even though the judgment has been signed.”
Thus, it clearly appears from the foregoing that appellants’ application for rehearing was timely filed on October 10, 1955,- and that the year within which a devolutive appeal must be taken did not commence to run until the denial of defendants’ application for rehearing on November 9, 1956. Therefore, as appellants had otherwise perfected their appeal by presenting a petition and order of appeal, and filing appropriate bond, the motion to dismiss the appeal cannot prevail. Code of Practice Arts. 318 and 593;. Simeon v. Board of Levee Com’rs of Orleans Levee Dist. 1929, 12 La.App. 21, 124 So. 853; Lacaze v. Hardee, La.App. 1941, 7 So.2d 719; Fisher v. International Brotherhood of Electrical Workers, Local No. B-130, 1950, 218 La. 243, 48 So.2d 911; Probst v. Di Giovanni, 1954, 226 La. 625, 76 So.2d 909.
The essential facts relating to the question of title are not seriously disputed. Passett Willis and Wesley Browder were married on December 24, 1906, and lived together in Webster Parish as husband and wife until November 27, 1928, when Mrs. Browder died, leaving children, issue of a previous marriage and of her union with Wesley Browder. The property, the title to which is herein disputed, was acquired by Wesley Browder by deed dated November 23, 1903, for a recited cash considera *278 tion of $50. The grantors named in said deed were residents of Texas wherein the instrument was executed by each grantor subscribing to the act of conveyance without attesting witnesses. Attached thereto were certificates executed by notaries public, accompanied with the imprint of the seal of office. In each of the certificates it was declared the appearer or appearers acknowledged voluntary execution of and subscription to the deed. The act of acknowledgment was signed only by the notary and was without witnesses. Browder failed to record this deed in Webster Parish until February 28, 1908.
On October 20, 1922, Browder’s vendors executed a quitclaim deed which recited, inter alia, the aforementioned deed dated November 23, 1903, was improper in that it was not acknowledged and signed by the appearers with attesting witnesses as required by Louisiana law. The instrument purported to remedy this defect. As a result of this attempt to cure Browder’s title, counsel for appellees argue Browder did not acquire title to the property until the execution of the quitclaim which was con-fected during his marriage with Passett Willis Browder, and accordingly the property became part of the community estate then existing.
The legal effect of a similar acknowledgment was raised in Reeves v. Southern Kraft Corporation, La.App.1941, 1 So.2d 824, 826, a decision of this court. As here, there were no witnesses to the acknowledgment therein considered, which was signed only by the notary and when the deed was offered in evidence counsel objected to its admissibility. Judge Taliaferro, as the organ of the court, discussed the issue so presented and we adopt his informative reasoning and references to authority. Referring to the objection to the admissibility of the deed for lack of form and insufficiency of proof, the opinion stated:
“* * * The objection was overruled and the offering admitted subject to the objection, but the court, when finally passing on the case, held that it was inadmissible because there were no attesting witnesses to plaintiff’s signature. * * * Without the deed in evidence, defendants and warrantors were left without any semblance of title on which to stand. We think the ruling erroneous. The deed, under Act No. 256 of 1918, was admissible in evidence.
“There is no law in this state which requires that transfers of real estate sous se-ing prive bo be effective against the grantor therein, his heirs or assigns, be attested by witnesses. The converse is true of authentic acts. Civil Code Art. 2234.
“Art. 2240 of the Civil Code specifically provides that all acts may be executed under private signature except such as the law requires must be passed before a notary public or other officer exercising the functions of that position; and Art. 2242 of the-Civil Code ordains:
“ An act under private signature, acknowledged by the party against whom it is. adduced, or legally held to be acknowledged,, has, between those who have subscribed it, and their heirs and assigns, the same credit as an authentic act.’
“No reference is made in this article to. witnesses.
“Of course, it is not contended, nor couldit be successfully, that an instrument signed'by the grantor alone, and not acknowledgedby him nor .otherwise proven, would be admissible in evidence; but if, after signing-the act, he does acknowledge it in the manner required by law, its evidential characterundergoes a decided change.
“In the states where the common law pre- ■ vails, so far as our knowledge extends, it is • sufficient that deeds to real estate be signed by the grantor alone and be acknowledged by him before a notary public without witnesses. Such acts are self-proving and, of' course, admissible in evidence. Many deeds conveying real estate in this state have-been executed in the common law states- *279 under this form of act and acknowledgment.It has often been held that deeds thus acknowledged are not admissible in evidence without proof of the genuineness of the grantor’s signature thereto, dehors the instrument and acknowledgment. Leibe v. Hebersmith, 39 La.Ann. 1050, 3 So. 283; Langley and Kinkead v. Burrows & Company, 15 La.Ann. 392; Miller v. Wisner, 22 La.Ann. 457.
“Until such additional proof is adduced, the status of the act is the same as one under private signature.
“It often happened that considerable difficulty was experienced in proving the execution of such instruments to the degree necessary to procure their admission in evidence. The older they were the greater the difficulty. This situation prompted the adoption by the Legislature of remedial statutes designed to obviate said difficulty, the last of which is Act No. 256 of 1918, which, in part, reads as follows:
“ ‘* * * that all deeds and other acts under private signature heretofore acknowledged before any * * * Notary Public of any one of the States of the Union, * * * whether said acknowledgment be signed or not signed by the party making it, or whether said acknowledgment be made in the presence of or out of the presence of witnesses, shall be deemed, taken and accepted as prima facie valid and received in evidence without further proof.’
“It will be observed that this act comprehends ‘all deeds’ heretofore acknowledged. It does not operate prospectively; and since a deed may be perfectly valid as such without attesting witnesses, one of that character when acknowledged in keeping with the requirements of this act, under its unambiguous terms, is to be taken and accepted ‘as prima facie valid and received in evidence without further proof’; and this, too, whether the acknowledgment has been attested or made out of the presence of witnesses.”
Any doubt as to the legal effect of the deed of conveyance to Browder dated November 23, 1906, was dissolved by the statute of 1918 which was, of course, remedial legislation and retroactive in its effect. The conclusion is thus inescapable that the property described in the 1903 deed did not become a part of the community of acquets and gains between Wesley Browder and his wife, Passett Willis Browder. The contention of appellees that the execution of the quitclaim deed during October of 1922 represented a conveyance to and acquisition of title by Browder during his marriage, is untenable. The quitclaim deed added no additional strength to the title of Browder. Such an instrument “ * * * is one which purports to convey, and is understood to convey, nothing more than the interest or estate in the property described of which grantor is seized or possessed, if any, at the time, rather than the property itself.” 26 C.J.S., verbo, Deeds § 8, which definition was affirmed in Waterman v. Tidewater Associated Oil Company, 1948, 213 La. 588, 35 So.2d 225, 230. It logically follows that since Browder’s title was perfect by the instrument of conveyance bearing date of 1903, the community acquired nothing by reason of the quitclaim deed. Our conclusion is, therefore, Wesley Browder acquired the subject property with full title thereto, prior to his marriage to Passett Willis, and consequently the children and grandchildren of the latter have no valid claim upon it.
 It is noted that in support of their title the defendants appropriately tendered in evidence certain muniments of title in which Browder appeared as vendor or ven-dee, but as all of these acts of conveyance were confected after the death of Mrs. Browder, they cannot affect the issue as to the community status of property in which the heirs of Mrs. Browder may have had an interest. Further, we observe there were filed on behalf of defendants exceptions of no cause or right of action, a special plea of estoppel and pleas of prescrip *280 tion of three, five, ten and thirty years. None of these pleadings has been argued or supported by evidence and are treated as abandoned by the pleaders.
It is therefore ordered, adjudged and decreed that the judgment from which appealed be and the same is hereby annulled, reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of defendants, Lillie Sapp Roby, Mittie Roby Thomas and Lucy Fleming Roby, and against Robert Willis, Will Willis, Wesley Browder, Jr., Keather Browder, B. W. Ellis and Marjorie Ellis, decreeing said Lillie Sapp Roby, Mittie Roby Thomas and Lucy Fleming Roby to be the true and lawful owners of the following described property to-wit'
Southeast Quarter of Southwest Quarter of Section 28, Township 22 North, Range 10 West, containing 40 acres more or less, situated in Webster Parish, Louisiana,
and as such, entitled to the full and undisturbed possession thereof. It is further ordered that plaintiffs pay all costs of this, suit, including costs of the appeal.