129 So.2d 95 (1961)
KITCHEN CENTER, INC.
v.
Mrs. Mildred D. TREIGLE et al.
No. 314.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 1961.
Graffagnino, Roberts & DeSonier, A. J. Graffagnino, Metairie, for defendants and appellants.
Bienvenu & Culver and James C. Murphy, Jr., New Orleans, for plaintiff and appellee.
Before JANVIER, McBRIDE and REGAN, JJ.
PER CURIAM.
Plaintiff-appellee moves for the dismissal of this suspensive appeal taken from a moneyed judgment dated October 31, 1960, on the ground the appeal bond was not timely filed. The motion for the appeal was filed within the ten-day period allowed by law for the taking of suspensive appeals, but the appeal bond was not filed until the nineteenth day after the date the judgment was signed. Therefore, the bond was filed too late and the appeal cannot be considered suspensive. C.P. art. 575 provides that in order to perfect a suspensive appeal the appellant must file the bond within ten days, exclusive of Sundays, from the signing of the judgment. Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Probst v. DiGiovanni, 226 La. 625, 76 So.2d 909; Schneider v. Manion, 217 La. 118, 46 So.2d 58; Guizerix v. Schaubhut, La.App., 116 So.2d 367; Diamond Match Company v. Moran, La.App., 82 So.2d 784; Art. 575, Code of Practice.
It might be stated in passing the Code of Civil Procedure, which is not applicable, provides also for the filing of the bond within the time allowed for the taking of the suspensive appeal. See LSA-C.C.P. art. 2123.
However, since the appeal bond was filed within a year from the date the judgment was signed, the appeal will be treated as though appellants had applied for and were granted a devolutive appeal. The jurisprudence of Louisiana authorizes this. Although the order which granted the appeal provided for a suspensive appeal only. *96 this is immaterial since the amount of the bond and the time at which it is filed determine the character of the appeal. Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841; Cortez v. Cortez, 175 La. 179, 143 So. 41; Guizerix v. Schaubhut, supra; Cahee v. United States Casualty Company, La.App., 86 So.2d 631; Diamond Match Company v. Moran, supra; Courvelle v. Eckart, La.App., 49 So.2d 658; Doll v. Dearie, La.App., 37 So.2d 61.
For these reasons, the suspensive appeal will be dismissed but a devolutive appeal is maintained.
Suspensive appeal dismissed; devolutive appeal maintained.