HERGET, Judge.
On May 9, 1963 Mildred S. Carter, plaintiff-appellee, filed a motion to dismiss the suspensive appeal of Fred Levy, defendant-appellant, on the ground appellant failed to timely file the appeal bond or pay the costs due within the period established by statute.
On May 1, 1963, the return date fixed for the appeal, Fred Levy, appellant, paid the costs and executed an appeal bond depositing in cash sufficient funds to cover same with the Clerk of the Nineteenth Judicial District Court. On the same date, May 1, 1963, appellant lodged with the Clerk of this Court the record and appeal.
Article 2161 of the LSA-Code of Civil Procedure provides:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
We note the matter complained of is not jurisdictional, nor does it pertain to the other exceptions provided in LSA-C.C.P. Art. 2162.
The appeal herein was lodged on May 1, 1963 and the motion to dismiss the appeal was filed on May 9, 1963. Appellee herein did not file her objection to appellant’s appeal within three legal days of the date on *120 which the record was lodged. Therefore, we have no right to consider appellee’s contentions regarding the timeliness of the suspensive appeal bond. Guillory v. Reimers-Schneider Company, La.App., 94 So.2d 134, 135; De Bautte v. Weil Bros. Co., (1915) 12 Orleans App. 107.
Motion to dismiss denied.