222 So.2d 649 (1969)
The HOME INSURANCE COMPANY
v.
SOUTHERN SPECIALTY SALES COMPANY, Inc., and West End Marine Garber Mfg. Inc.
No. 3598.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
*650 Leach, Grossel-Rossi & Paysse, R. A. Redwine, New Orleans, for Home Insurance Co., plaintiff-appellee.
Nicaud, Justrabo, Rousset & Schafer, Thomas E. Schafer, III, New Orleans, for Southern Specialty Sales Co., Inc., defendant-appellant.
Before YARRUT, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
This matter is before us on a motion to dismiss the suspensive appeal taken herein by defendant Southern Specialty Sales Company, Inc. hereinafter referred to as Southern Sales.
On November 6, 1968 judgment was read, rendered and signed in open Court in this suit in favor of plaintiff, The Home Insurance Company, hereinafter referred to as Home Insurance, against Southern Sales.
On November 26, 1968, the last day available for appealing suspensively, Southern Sales applied for and was granted this suspensive appeal, returnable on January 2, 1969; Southern Sales did not file the appropriate appeal bond in this matter until December 12, 1968.
The return date for filing the transcript in this case was extended to March 3, 1969, and the transcript was actually lodged on February 7, 1969.
The plaintiff-appellee, Home Insurance, filed this motion to dismiss the appeal on April 3, 1969. The motion is based on the fact that the suspensive appeal bond was not timely filed within the fifteen day delay allowed by LSA-C.C.P. art. 2123.[1]
Appellant does not deny that the appeal bond was not timely filed within the fifteen day delay, but it argues that appellee's motion to dismiss was itself not timely as it was not filed within the three day delay allowed *651 by LSA-C.C.P. art. 2161[2], and thus should not be considered.
The problem is simply this: Is appellant's failure to post the required suspensive appeal bond within the fifteen day delay a mere irregularity, error, or defect within the contemplation of article 2161, or is it a matter which strikes at the jurisdiction of this Court or the right of appellant to take a suspensive appeal and thus within the purview of LSA-C.C.P. art. 2162?
The identical question was presented to the Court in Carter v. Levy, 156 So.2d 119, La.App. 1 Cir. 1963. After citing article 2161 our brothers of the First Circuit stated:
"We note the matter complained of is not jurisdictional, nor does it pertain to the other exceptions provided in LSA-C.C.P. Art. 2162.
"The appeal herein was lodged on May 1, 1963 and the motion to dismiss the appeal was filed on May 9, 1963. Appellee herein did not file her objection to appellant's appeal within three legal days of the date on which the record was lodged. Therefore, we have no right to consider appellee's contentions regarding the timeliness of the suspensive appeal bond. Guillory v. Reimers-Schneider Company, La.App., 94 So.2d 134, 135; De Bautte v. Weil Bros. Co., (1915) 12 Orleans App. 107."
We find we cannot agree with this decision.
Article 2162 provides as follows:
"An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
"If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court."
Thus we see that an appeal can and indeed must be dismissed at any time if the appellant has no right to appeal. We look then to LSA-C.C.P. Art. 2123 which prescribes the method by which an appellant gains the right to a suspensive appeal, which is the appeal requested herein. Article 2123 provides that a suspensive appeal may be taken, and the security therefor furnished, only within the appropriate fifteen days. We must conclude therefore that an appellant has no right to a suspensive appeal unless he follows the procedure outlined in article 2123, and under article 2162 we must dismiss his suspensive appeal if he fails to do so. In so holding we recognize that in this case on the sixteenth day after the delay for filing the suspensive appeal order and bond began, plaintiff-appellee herein had the right to execute its judgment against defendant-appellant, and the defendant-appellant did not then and does not now have available a valid method to prevent the execution of the judgment. We note however that the appellant herein did file its appeal bond within the 90 day delay allowed for taking a devolutive appeal. We also note that the record discloses that the only appeal prayed for by appellant was a suspensive appeal. However the law of this State favors appeals, and since the appellant timely furnished an appeal bond which was more than *652 adequate to satisfy the requirements of a suspensive appeal, we are of the opinion that it should be granted a devolutive appeal. Kitchen Center, Inc. v. Treigle, 129 So.2d 95, La.App. 4 Cir. 1961. Moreover appellee and mover herein recognizes in the motion to dismiss it filed that this would be a proper remedy.
For these reasons the suspensive appeal taken herein by Southern Specialty Sales Company, Inc., defendant-appellant is dismissed and a devolutive appeal is granted to said defendant-appellant.
Suspensive appeal dismissed; devolutive appeal maintained.
NOTES
[1] LSA-C.C.P. art. 2123 provides:

"Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
[2] LSA-C.C.P. art. 2161 provides:

"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."