SARTAIN, Judge.
This matter is before us on plaintiff-appellee’s motion to dismiss defendant-appellant’s appeal as suspensive. For reasons hereinafter stated, we hold the motion to be untimely and deny the same.
The pertinent facts are as follows: On June 28, 1977, judgment was rendered in favor of plaintiff. On July 28, 1977, the trial judge denied defendant’s timely application for a new trial. On August 17, 1977, defendant sought and obtained an order for *981 a suspensive appeal conditioned upon its furnishing bond in the amount of $5000.00. A bond in this amount was filed on August 24, 1977. Following a rule contesting the sufficiency of the bond, the trial judge on September 7, 1977, rendered judgment increasing the bond to $51,000.00. A written judgment reflecting the increase was signed on September 9, 1977. A supplemental bond in the amount of $46,000.00 was filed by the defendant on September 15, 1977.
The return date set in the order of appeal was October 17, 1977. The record was lodged in this court on October 14, 1977. The instant motion was filed on November 28, 1977.
Plaintiff contends that inasmuch as the supplemental bond was not filed within the four legal days following the rendition of the judgment ordering the same (C.C.P. Art. 5124), defendant has failed to timely perfect a suspensive appeal.
Counsel for plaintiff argues that he was not in court when the trial judge set the amount of the increase and that he was therefore entitled to notice of the signing of that judgment. If this be correct, September 15, 1977, was in fact the fourth legal day because the 10th and 11th of September were Saturday and Sunday.
It is not necessary that we address ourselves to either of these contentions.
C.C.P. Art. 2161 provides, in pertinent part, that “Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant, must be filed within three days, ... of the return date or the date on which the record on appeal is lodged, . . . whichever is later.”
C.C.P. Art. 2162 states, inter alia, “An appeal may be dismissed at anytime . [where] there is no right of appeal, . . ”
There is no contention here that defendant has lost its right to appeal, the issue asserted by plaintiff is that defendant has lost its right to maintain a suspensive appeal.
In similar situations we have held that the irregularity complained of is not jurisdictional and must be raised within the three day period provided for in C.C.P. Art. 2161. Carter v. Levy, 156 So.2d 119 (La. App. 1st Cir. 1963) and Smith v. Campbell, 196 So.2d 662 (La.App. 1st Cir. 1967). For a contrary view see Home Insurance Co. v. Southern Specialty Sales Co., 222 So.2d 649 (La.App. 4th Cir. 1969).
Where the motion is timely and the delays have lapsed for a suspensive but not for a devolutive appeal, the appeal will be permitted as devolutive only. Faust v. Curtis, 278 So.2d 875 (La.App. 1st Cir. 1973).
Accordingly, appellee’s motion is denied.
MOTION DENIED.