393 So.2d 1286 (1980)
George PETERS, Husband of and Doris Peters and George Peters Enterprises
v.
LIFE GENERAL SECURITY INSURANCE COMPANY.
No. 13977.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Keith M. Whipple, Houma, for plaintiffs and appellees.
G. Allen Walsh, Baton Rouge, William C. Shockey, McCollister, McCleary, Fazio, Mixon, Holliday & Hicks, Baton Rouge, for defendant and appellant.
Before ELLIS, COLE and WATKINS, JJ.

ON MOTION TO DISMISS
WATKINS, Judge.
This is an appeal taken suspensively by Life General Security Insurance Company from a judgment in favor of plaintiffs. A motion for a new trial was heard and denied on July 7, 1980. Defendant filed no request for notice of judgment of the action taken on motion for new trial. Indeed, counsel for defendant was present when the court verbally denied a new trial.
Defendant did not file a suspensive appeal bond until August 29, 1980, more than thirty days after July 7, 1980. Plaintiffsappellees filed a motion to dismiss the appeal on the ground the appeal bond had not been timely filed. An appeal bond must be filed for a suspensive appeal, and that bond must be filed within thirty days of the denial of a new trial, if a new trial is moved for and the party appealing does not file a written request for notice of the action taken with respect to the motion for a new trial. LSA-C.C.P. arts. 1914, 2123, 2124.
This court denied a motion for a stay order filed by defendant to stay a garnishment proceeding brought against the Hibernia National Bank as garnishee and debtor of defendant in Civil District Court, Orleans Parish, for the reason that this court was without jurisdiction. The defendant then obtained a stay order from the Court of Appeal, Fourth Circuit, State of Louisiana.
The return day for the present appeal was September 2, 1980. The record was lodged September 3, 1980, and the motion to dismiss was filed October 14, 1980. Counsel for appellees (plaintiffs) concedes in his brief on motion to dismiss that appellees did not file a motion to dismiss within the three day delay duly provided under LSA-C.C.P. art. 2161, as is clearly the case as the motion to dismiss was not filed within 3 days of the return day or the date on which the appeal was lodged. Article 2161 reads as follows:
"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case *1287 either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
The appellees' brief on motion to dismiss contends that failure to file an appeal bond timely on a suspensive appeal denies the Court of Appeal jurisdiction over all matters pertaining to the appeal as taken suspensively. The argument that a Court of Appeal was without jurisdiction to permit a suspensive appeal to stand (on the ground that an appeal bond in the required amount had not been timely filed) where appellee had failed to file a motion to dismiss the appeal within the required time was considered, and specifically rejected in Gautreau v. Modern Finance Co., 358 So.2d 980 (La.App. 1st Cir. 1978), writs refused 359 So.2d 630, 359 So.2d 994 (1978), which apparently held the Court of Appeal had jurisdiction to refuse a motion to dismiss if the motion to dismiss were not filed within the required 3 days. The decision of this Circuit in that case specifically noted that a decision of the Fourth Circuit, Home Insurance Co. v. Southern Specialty Sales Co., 222 So.2d 649 (La.App. 4th Cir. 1969), had held a contrary view, and by implication elected not to follow it. As the Louisiana Supreme Court denied writs in Gautreau, and as Gautreau is the latest reported decision on this question, we follow Gautreau, as being controlling, and refuse to dismiss the appeal, as by counsel for appellees' own admission in appellees' brief, appellees' motion to dismiss the appeal was not timely filed.
MOTION TO DISMISS DENIED.