PONDER, Judge.
Appellee has filed a “Motion to Dismiss Suspensive Appeal” on the ground that the suspensive appeal bond was not timely filed.
The relevant dates are:
1) Judgment rendered in open court at the conclusion of trial, August 18, 1983;
2) Judgment signed October 21, 1983;
3) Motion for appeal received by clerk of court November 30, 1983;
4) Appeal bond filed January 24, 1984;
5) Record lodged with the court, February 10, 1984;
6) Motion to dismiss filed.
Admittedly the appeal bond was not filed within the 30 day delay provided in La.C. C.P. art. 2123.[1] However, the motion to dismiss was not filed within the three days allowed by C.C.P. art. 2161.[2] See Peters v. Life General Security Insurance Company, 393 So.2d 1286 (La.App. 1st Cir.1980), writ denied 392 So.2d 1054 (La.1981).
MOTION TO DISMISS DENIED.

. Art. 2123.
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.

. Art. 2161
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.