510 So.2d 3 (1987)
Donald LaHOSTE
v.
Oscar L. TOUPS, Individually and Oscar L. Toups, d/b/a Sam's Dump Truck, Colony Insurance Company, and Protective Casualty Insurance Company.
Patrick J. HEBERT
v.
Oscar L. TOUPS, Individually and Oscar L. Toups d/b/a Sam's Dump Truck, Colony Insurance Company, and Protective Casualty Insurance Company.
Nos. 86 CA 1331, 86 CA 1332.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Rehearing Dismissed June 12, 1987.
William D. Hunter, Hunter and Plattsmier, Morgan City, for plaintiff, Donald Lahos.
Dara A. Loetzerich, Harvey, Mark Surprenant, New Orleans, for Colony Ins. Co. and Oscar Toups.
Paul H. Jantz, Franklin, Moore & Walsh, Baton Rouge, for Protective Cas. Ins. Co.
Allen A. McElroy, Jr., McElroy & Ramsey, Berwick, for plaintiff, Patrick J. Hebert.
Before EDWARDS, WATKINS and LeBLANC, JJ.
*4 PER CURIAM.
Plaintiffs-appellees have filed a motion to dismiss the suspensive appeals in these consolidated cases on the ground that appellants failed to timely file a proper supplemental appeal bond. Because plaintiffs' motion to dismiss is untimely, we deny their motion.
The pertinent dates are as follows:
July 16, 1986Judgments rendered and signed in favor of plaintiffs Donald Lahoste and Patrick Hebert.
August 21, 1986Defendants Oscar Toups and Colony Insurance timely filed motions and bonds for suspensive appeals in both cases.
October 3, 1986Plaintiffs-appellees filed motion to test sufficiency of the appeal bonds.
October 21, 1986Record lodged (one day after the return date).
November 21, 1986Hearing held, oral judgment rendered declaring bonds insufficient.
January 7, 1987Written judgment signed ordering appellants to substitute a proper surety bond "within the delays allowed by law."
January 17, 1987Motion to dismiss suspensive appeals filed.
February 2, 1987New bond filed.
Clearly, appellants failed to file a supplemental bond within four days of the rendition of judgment holding the original bond insufficient, as is required by LSA-C. C.P. art. 5124.[1] This circuit has long held that, when the appeal is maintainable as a devolutive appeal, the late filing of an appeal bond is non-jurisdictional, and is a waivable defect. See Rep, Inc. v. Sciortino, 453 So.2d 670, 670 (La.App. 1st Cir. 1984) (late filing of original suspensive appeal bond); Peters v. Life General Sec. Ins. Co., 393 So.2d 1286, 1287 (La.App. 1st Cir.1980), cert. denied, 392 So.2d 1054 (La. 1981) (Lemmon, J. concurring) (late filing of original suspensive appeal bond); Gautreau v. Modern Finance Co. of Gonzales, 358 So.2d 980, 981 (La.App. 1st Cir.), writs denied, 359 So.2d 630, 994 (La.1978) (late filing of supplemental suspensive appeal bond). Contra Home Ins. Co. v. Southern Specialty Sales Co., 222 So.2d 649, 651 (La.App. 4th Cir.1969) (late filing of original suspensive appeal bond).
Generally, non-jurisdictional defects must be raised by filing a motion to dismiss within three days, exclusive of holidays, of the return date or within three days of the lodging of the record, whichever is later. LSA-C.C.P. art. 2161.[2] Compare LSA-C.C.P. art. 2162.[3] We believe that in cases such as this, where a judgment invalidating a suspensive appeal bond is rendered after the return day and lodging of the record, the appellee is given three days, exclusive of holidays, in which to file a motion to dismiss the appeal after the appellant fails to timely post a supplemental bond. LSA-C.C.P. arts. 2161, 5124.
Appellants had until December 1, 1986 to post a supplemental bond.[4] Appellees then had until December 4, 1986 in *5 which to file a motion to dismiss the suspensive appeal; they failed to do so timely. See LSA-C.C.P. art. 5059. In the absence of a timely motion to dismiss, appellants' supplemental bond is retroactive to the date the original bond was furnished, and maintains their suspensive appeal. LSA-C. C.P. art. 5124.[5]
Accordingly, appellees' motion to dismiss is denied, and the appeal is maintained as a suspensive appeal.
MOTION TO DISMISS DENIED.
NOTES
[1] LSA-C.C.P. art. 5124 provides in part: "Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, ... the party furnishing it may correct any defects therein by furnishing a new or supplemental bond...."
[2] LSA-C.C.P. art. 2161 provides in part: "Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
[3] LSA-C.C.P. art. 2162 provides in part: "An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned."
[4] As an interlocutory judgment, the written judgment of bond insufficiency was superfluous, and the delays for posting a supplemental bond began to run upon the rendition of judgment in open court, on November 21, 1986. See Boyd v. Fourchon, Inc., 408 So.2d 380, 382 (La. App. 1st Cir.1981). Appellants then had four days, without including legal holidays in the computation, to post the supplemental bond. LSA-C.C.P. arts. 5059, 5124. The weekends of November 22-23 and 29-30, and the Thanksgiving holidays of November 27-28 are therefore not included in the computation of time. LSA-C.C.P. art. 5059; LSA-R.S. 1:55(E)(1).
[5] LSA-C.C.P. art. 5124 provides in part: "The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security."