BARRY, Judge.
Plaintiffs’ petition prayed for $8,000, legal interest, reasonable attorney’s fees, and all costs. Defendants answered and filed a reconventional demand praying for $80,035, interest, reasonable attorney’s fees, and all costs. After rendering a judgment on September 24, 1984 the trial court granted defendants’ motion for a new trial. The defendants requested a jury trial.
The plaintiffs’ first motion to strike the order for a jury trial was denied in 1985. On the morning of trial in January, 1986 a second motion to strike was filed on the grounds the jury bond had not been posted timely and the amount in controversy did not warrant a jury trial. The trial court found that bond had been properly posted prior to commencement of trial, but concluded that the maximum either side could recover was $8,000 plus attorney’s fees as provided in the contract. The trial judge considered the attorney’s fees as costs and set aside the jury trial order. Defendants’ application specifies as error the trial court’s denial of their right to a jury trial.
A trial by jury is a fundamental right recognized by statute. La.C.C.P. Art. 1732; Champagne v. American Southern Insurance Company, 295 So.2d 437 (La. 1974). It is not available “where the amount in dispute does not exceed ten thousand dollars exclusive of interest and costs.” La.C.C.P. Art. 1732(1). That article does not itself set a standard for determining the amount in dispute. La.C.C.P. Arts. 4 and 4841 set standards defining jurisdictional amounts, but they are not directly applicable because the amount in La.C.C.P. Art. 1732 does not relate to jurisdiction.
The principle of Articles 4 and 4841 is applicable only by analogy since the phrase “amount in dispute” is utilized in Article 1732 as well. Sanders v. Old Quarter Tours, Inc., 499 So.2d 1346 (La.App. 4th Cir.1986), writ denied 501 So.2d 234 (La. *1328 1987). The 1983 Revision Comment (b) to Article 1732 states “the amount in dispute” is used to emphasize that it is the amount demanded in good faith by the plaintiff and not simply the amount of plaintiff’s demand. Pinion v. Union Carbide Corporation, 490 So.2d 479 (La.App. 4th Cir.1986); Rico v. Vangundy, 461 So.2d 458 (La.App. 5th Cir.1984).
The jurisdictional articles 4 and 4841 both provide that the amount in dispute is determined by the amount demanded in good faith by the plaintiff. Article 4 includes “the principal sum, and the attorney’s fees and penalties provided by agreement or by law....” Article 4841 provides that the amount in dispute “does not include interest, court costs, attorney fees, or penalties whether provided by agreement or by law.”
Articles 4 and 4841 are usually referenced together and are cited side by side in the 1983 Revision Comment to La.C.C.P. Art. 1732. It appears that The difference in their approach to attorney’s fees has never been noted. Although Article 4 declares attorney’s fees are to be included, the old opinions interpreting the article as it applied to appellate jurisdiction (when the amount in controversy was determinative) referred to the inclusion of attorney’s fees stipulated in the contract (such as a stated percentage), Guinn Motors v. Looney, 81 So.2d 112 (La.App. 2d Cir.1955), or fixed in a note, Thompson v. Jones, 200 La. 437, 8 So.2d 286 (1942). An attorney’s fee set out in a contract was held to form part of the demand and inseparable in determining appellate jurisdiction. Perrault v. Proffer, 33 So.2d 579 (La.App. Orl.1947). Fees in a promissory note are considered liquidated damages and considered in the jurisdictional determination. Foundation Finances Co. v. Robbins, 144 So. 293 (La.App.Orl. 1932).
Those situations are distinguishable from this case which involves a petition for reasonable attorney’s fees with no figure or percentage fixed in the pleadings or in the contract between the parties. The purpose for such statutory articles to set out a clear-cut method to determine whether a court has subject matter or appellate jurisdiction would be defeated if requests for reasonable attorney’s fees were considered part of the plaintiff’s demand and utilized to maximize or minimize the claim to influence the jurisdictional question.
A party should not be able to manipulate another’s right to a jury trial by requesting reasonable attorney’s fees which may not even be recoverable under the facts proven at trial. We find no reason to make a trial court’s determination of whether a trial by jury is appropriate contingent upon a request for reasonable attorney’s fees, which cannot be adequately calculated until after trial is held.
The amount of the defendants’ re-conventional demand is not determinative since La.C.C.P. Art. 1732’s “amount in dispute” refers to the amount demanded in good faith by the plaintiff. See the 1983 Revision Comment to the article. The burden rests upon the plaintiff to show the value. See Amona v. Amona, 477 So.2d 120 (La.App. 4th Cir.1985), writ denied 479 So.2d 367 (La.1985). Plaintiffs demanded only $8,000 when costs, interest and reasonable attorney’s fees were excluded. The trial court even, decided that plaintiff in reconvention could not recover more than that amount.
We find no error in the trial court’s ruling that the suit did not require a jury trial. The writ is denied.