## No. 1873.—ROBERT MOORE *v.* A. BRITTON.

The fact that the holder of a promissory note fails to bring suit promptly will not discharge the indorser, provided notice of non-payment is given at maturity.

Demand of payment of a promissory note must be made at the place of payment. Demand at any other place will not bind the indorser.

APPEAL from Fourth District Court of New Orleans. *Théard, J. Hyams & Jonas,* for plaintiff and appellant. *Given Campbell,* for defendant and appellee

, Howe, J.   The defendant, who was sued as indorser of a promissory note, claimed that he was discharged :

*First*—By an extension of time granted to the maker without his consent; and,

*Second*—Because he was never duly notified of the non-payment of the note, nor was demand of payment made on the day the note matured.

It appears from the evidence that the plaintiff exercised great forbearance towards the maker of the note; but he does not appear to have given time, so as to. preclude himself from suing, or to suspend the recourse of the indorser, in case the latter had chosen to pay and bring suit himself.   The defendant can not, for this reason, complain or be exonerated.   Fortineaud *v.* Bossiere, 18 L. 471.

Upon the second ground of defense, it appears that on the day the note fell due it was presented at the Canal Bank, in New Orleans, where it was by its terms payable, by the notary, and payment demanded and refused, there being no funds there to meet it.   The presentment and demand were duly made.   The bank was open, its employes attending to business, and we are not aware of any rule of law which would render this demand undue because it was made after three o'clock P. M.   We can not presume that the bank was closed at three, when the evidence shows that it was open after that time.   It appears that before three o'clock the maker of the note came to the Canal Bank; inquired if the note was there; was told it was not; seemed anxious to pay it; offered to deposit the money with the note clerk if the latter would give a receipt, which was refused; and then went away, leaving an address where he could be found.   The notary who afterwards made the demand at the Canal Bank, being furnished by the note clerk with this address, declined to go to the place to which he was thus directed, and, we think, properly.   The note was payable at the Canal Bank, and no demand at any other place would have justified a protest and notice of dishonor.   It was the duty of the notary, then, to present it at the Canal Bank; and we are at a loss to know on what principle it can be contended that the giving of an address by the maker to the note clerk, or by the note clerk to the notary, could impose any additional legal duty on the latter.

We are constrained to think that the judgment in favor of the defendant was erroneous.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed, and that the plaintiff, Robert Moore, recover of the defendant, A. Britton, the sum of one thousand and five dollars and eighty-six cents, with interest at the rate of eight per cent. per annum from March 16, 1867, and costs in both courts.