ROGERS, J.
 

 Relatrix is the only child and sole heir of her deceased mother, Mrs. Veronica Pavelka, wife of Frank Pavelka. Mrs. Pavelka, who died intestate in the city of New Orleans on March 22, 1924, was twice married. Frank Pavelka was her second husband. There was no issue of this marriage. Relatrix was a child of the first marriage.
 

 On May 21, 1924, relatrix applied to the civil district court for the parish of Orleans' to be appointed administratrix of her mother’s succession, and for the taking of "an inventory, descriptive and estimative, of the property belonging to the decedent, situated in the parish of Orleans.” This application was opposed by Frank Pavelka, the surviving husband. After hearing, judgment was rendered dismissing the opposition, appointing relatrix administratrix, and ordering an inventory to be taken of the property belonging to the succession.
 

 The surviving husband moved for a new trial, which was refused. He then applied for, and obtained, a suspensive appeal returnable to this court. After this order was entered, relatrix proceeded in the district court by rule against the surviving spouse to show cause why the suspensive appeal should not be dismissed, and why the inventory ordered should not be taken, and why the said Pavelka, under penalty of being punished for contempt, should not point out the property belonging to the succession.
 

 This rule was set down for hearing October 16, 1924. The appeal, however, having been made returnable on October 8, 1924, and relatrix, being fearful that the district Court would be without power to try the rule on October 16, 1924, requested the judge of said court to advance the hearing, which, it is alleged, he refused to do.
 

 Relatrix also applied to the district judge for a judicial sequestration of all of the property of the succession, which application was also refused.
 

 Thereupon relatrix petitioned this court
 
 *483
 
 for writs of certiorari and mandamus to compel the district judge to set aside and dismiss the suspensive appeal, and to order said judge to issue the writ of judicial sequestration prayed for. The case is before us on a rule nisi issued upon said petition.
 

 The general rule is that final judgments are appealable suspensively upon compliance with the formalities prescribed by law. Code Prac. arts. 565-575.
 

 The exceptions to the rule are to be found in Code Prac. arts. 580 and 1059, providing for the provisional execution of certain judgments, notwithstanding an appeal. Among them are judgments appointing administrators of successions. And this court has frequently applied and given effect to these articles. In the Succession of Damico, 150 La. 889, 91 So. 286, we said, citing numerous authorities:
 

 “A judgment appointing an administrator of a succession is immediately executory. There is no right to a suspensive appeal from such a judgment.”
 

 It is contended on behalf of the surviving husband that he is entitled to a suspensive appeal from the judgment rendered in this cause because the issue is not that an administrator is necessary, but, on the contrary, that no administration is necessary. In support of this contention three cases are cited, viz.: State ex rel. Marin v. Judge, 22 La. Ann. 23, State ex rel. Widow and Heirs of J. H. Pearson v. Judge, 22 La. Ann. 64, and Succession of Miller, 28 La. Ann. 573.
 

 Neither of the cited cases are applicable here. The issue in each of said cases was not that an administration was unnecessary, but that the appointment of an administrator was not legally possible. In all of the cited cases the heirs had been legally put in possession of the estates by judgments of court; and it was held that in these circumstances the property could not be placed under the control of an administrator to be administered as succession property.
 

 In the instant case the question of the necessity for the appointment, vel non, of an administrator was submitted to, and passed upon, by the court below, and it is our opinion that his judgment appointing relatrix administratrix of her mother’s succession being legally possible, is not appealable suspensively.
 

 We do not think, however, that the appeal should be wholly set aside. The appeal from the judgment appointing the administrator is necessarily devolutive, and, the appellant having furnished a bond in an amount fixed by the judge, it should be maintained as such.
 

 Relatrix also prays that this court order the district judge to issue the writ of judicial sequestration for which she applied. We are unable to grant such order. It is within the judicial discretion of the judge to allow or to disallow a judicial sequestration. Code Prac. arts. 273, 274: Schwan v. Schwan, 52 La. Ann. 1183, 27 So. 678; Ramos Lbr. Co. v. Sanders, 112 La. 616, 36 So. 625; Succession of Drysdale, 128 La. 151, 54 So. 701. And it is too well settled to require the citation of authority to sustain the proposition that mandamus will not lie to control matters resting purely within the discretion of an inferior court.
 

 Relatrix, however, is not remediless; she can apply for an injunction or for a sequestration under the third paragraph of article 275 of the Code of Practice.
 

 It is suggested that the application of relatrix is premature because the district judge has not passed upon the rule taken to set aside the order for a suspensive appeal. There is no merit in the suggestion because (1) it is alleged in the application for writs, and substantially admitted by the judge, that at the time the application was made to advance the hearing on the rule, the judge, in the presence of counsel representing the parties, stated that he was of the opinion that, inasmuch as the appeal
 
 *485
 
 had been granted and the bond furnished, he was without jurisdiction in the matter; that the proper tribunal to dismiss the appeal was the Supreme Cour.t, and that he would deny the motion when it came on to be heard; and (2) that the order itself, in so far as it purported to grant appellant a suspensive appeal, was an absolute nullity, which relatrix was entitled to have set aside upon application to this court, without first having applied to the district judge for that purpose.
 

 For the reasons assigned it is ordered that the order of appeal herein granted on August 11, 1924, from the judgment dismissing the opposition of Frank Pavelka to the application of relatrix to be appointed administratrix of the succession of Veronica Pavelka be and it is hereby decreed to operate devolutively and not suspensively; and accordingly it is ordered that the writ of mandamus applied for be made peremptory to the extent of requiring and commanding the respondent judge to permit the provisional execution according to law of said judgment rendered on July 21, 1924, and signed on July 31, 1924. It is further ordered that the application of relatrix that the respondent judge be required and commanded to issue a writ of judicial sequestration be and the same is hereby refused. .Costs of these proceedings to be borne by Frank Pavelka, opponent of relatrix’s application for letters of administration.