PER CURIAM.
This was a suit for absolute divorce on the grounds of adultery and in the alternative for judgment of separation of bed and board. The matter was tried on the merits on November 14. 1960 and judgment was rendered on November 16, 1960, in favor of plaintiff and against defendant decreeing a separation of bed and board between them. On November 17, 1960, counsel for the plaintiff placed an order with the clerk of the trial court requesting a certified copy of the transcript of the testimony taken on the trial of the merits. On November 18, 1960, the judgment which had been rendered on November 16th was signed by the trial judge. On the same day the judgment was signed, counsel for defendant filed a “Rule to Show Cause” alleging that the trial on the merits had been completed, that judgment had been rendered in favor of plaintiff, that counsel for both parties had agreed in open court to the judgment rendered and that, therefore, “no useful or legal purpose can or would be served by having the testimony transcribed”. The order attached to this petition for rule, and signed by the trial judge on November 18, 1960, orders the plaintiff and the clerk of the trial court to appear and show cause on November 25, 1960 why they should not be prohibited from transcribing the testimony adduced on the trial of this case or issuing a certified copy thereof. The said order further prohibits the clerk of court from issuing a copy of the transcript of testimony pending disposition of said rule.
The rule was heard on November 25, 1960 and judgment thereon was rendered, read and signed on December 9, 1960 ordering that the rule be recalled, set aside and annulled and the order issued to the clerk of court prohibiting him from issuing a copy of the transcript of testimony pending disposition of this rule was also annulled, recalled and set aside. Counsel for defendant, in open court, immediately moved for and was granted a suspensive appeal returnable to the Court of Appeal,' Third Circuit, on January 21, 1961 on defendant furnishing a suspensive appeal bond in the sum of $200. The record shows that the suspensive appeal bond was filed on December 21, 1960.
Counsel for plaintiff, James Lester Woods, has now' moved to dismiss the appeal lodged here. The first grounds for plaintiff’s motion to dismiss the appeal is that defendant applied for and was granted only a suspensive appeal, not a devolutive appeal, and that defendant has failed to perfect said suspensive appeal by furnishing the required bond in the sum of $200 within 10 days after judgment. This argument has no merit. Code of Practice, Article 575 (which was in effect at the time of' these proceedings in the lower court) clearly provides that a suspensive appeal may be taken within ten (10) days, not including *76 Sundays, after the judgment has been notified to the party cast- in the suit. In this case, the defendant was notified of the judgment on the day it was rendered, December 9, 1960, on which date defendant, in open court, moved for suspensive appeal. The calendar for the month of December, 1960 shows that December 9th was a Friday and the 10 days delay for perfecting a suspensive appeal therefore started on Saturday, December 10th and if we discount the two Sundays, December 11th and December 18th, it is readily apparent that the tenth day was Wednesday, December 21st, on which date the bond was filed.
The next grounds for plaintiff’s motion to dismiss the appeal is that the order signed by the trial judge on November 18, 1960 prohibiting the clerk of court from issuing a copy of the transcript of testimony was an ex parte order signed by the trial judge which in effect was a temporary restraining order. Plaintiff points out that under the clear provisions of LSA-R.S. 13 :4070 and Code of Practice Article 297.5 (which were in effect at the time of these proceedings in the lower court), “No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order;”. Counsel’s position is well taken. Clearly no appeal lies from that portion of the judgment of the trial court dissolving the restraining order which had been issued by it on November 18, 1960.
The sole remaining question is whether an appeal lies from that portion of the trial court’s judgment which recalled and set aside the rule ordering plaintiff and the clerk of court to show cause why they should not be prohibited from transcribing the testimony adduced on the trial of the case or issuing a certified copy thereof. Although the plaintiff in rule did not denominate as a preliminary injunction or as an injunction the relief for which she prayed, it is obvious that her suit was for injunctive relief and the proceeding by rule necessarily constituted a proceeding for preliminary writ of injunction under the provisions of Code of Practice Article 297.2. When the lower court recalled, set aside and annulled the rule to show cause, it in effect denied after hearing, her rule for a preliminary writ of injunction.
Code of Practice Article 297.5 provides that where, after hearing, a preliminary writ of injunction is granted, refused or dissolved, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order. The article of the Code of Practice provides further that, under certain conditions the trial court, in its discretion, may allow a sus-pensive appeal from an order granting a preliminary injunction. The Code of Practice makes no provision for a suspensive appeal from a judgment refusing a preliminary injunction for the obvious reason that where the preliminary injunction is refused there is nothing to suspend. As stated above, Code of Practice Article 297.5 specifically provides that where a preliminary writ of injunction is refused, a devolutive, but not a suspensive appeal may be taken.
It is obvious in this case, where the preliminary injunction was refused, that defendant was entitled to a devolutive but not a suspensive appeal. The suspensive appeal must therefore be dismissed. However, the jurisprudence of this state is well settled that even though an appeal cannot be maintained as suspensive, it will be entertained as devolutive if timely perfected. See Graziani v. Elder & Walters Equipment Co., 208 La. 80, 22 So.2d 841; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Diamond Match Company v. Moran, La.App., 82 So.2d 784 and Succession of Pavelka, 157 La. 480, 102 So. 579.
For the reasons assigned the appeal in the instant case is dismissed as suspensive but is maintained as devolutive.
On Application for Rehearing.
Rehearing denied, en Banc.