**J. C. TRAHAN DRILLING CONTRAC-
TOR, INC., Appellant,**

v.

**Robert D. STERLING and Ruth L. Ster-
ling, his wife, Appellees.**

**No. 21112.**

United States Court of Appeals
Fifth Circuit.

July 10, 1964.

Rehearing Denied Sept. 4, 1964.

J. C. Smith, Shreveport, La., James E.
Wright, Jr., New Orleans, La., John R.
Pleasant, Booth, Lockard, Jack, Pleasant
& LeSage, Shreveport, La., for appel-
lant.

Lloyd J. Cobb, Mettery I. Sherry, Jr.,
Cobb & Wright, New Orleans, La., for
appellees.

Before HUTCHESON and RIVES,
Circuit Judges, and GROOMS, District
Judge.

PER CURIAM:

This case is on permissive appeal pur-
suant to 28 U.S.C.A. § 1292(b) from an
interlocutory order directing sequestra-
tion of .148436 of the purchase price of
all oil, gas or other minerals produced by
defendant-appellant or for its account
on State Leases Nos. 2220 and 2221, Eloi
Bay Field Area, St. Bernard Parish,
Louisiana.

Plaintiffs-appellees seek a judgment
against appellant which would recognize
them as owners of a one-eighth working
interest each in leases 2220 and 2221,
and would direct appellant to transfer to
them by formal assignment such working
interests. They also seek an order for
specific performance of appellant's obli-
gations under alleged purchase agree-
ments of March 27 and June 5, 1962,[1]

---

1. The letter agreements, which are of sim-
ilar import in pertinent part are as fol-
lows:

"You agree to accept one-eighth work-
ing interest in our State Leases Nos.
2220 and 2221 * * *. For the afore-

for an accounting, and for sequestration pending final determination of the action.

The court granted sequestration without bond.

On appeal the parties argue the merits of the action, and invite us to render a decision thereon. The trial court did not determine the merits of the case, but merely determined that appellees had presented a *prima facie* case for sequestration, and in its order made ample provision for the protection of the parties with respect to the funds so sequestered pending the litigation.[2] We likewise do not reach the merits.

Rule 64, Federal Rules of Civil Procedure, provides that:

> " * * * all remedies [3] providing for seizure of * * * property for the purpose of securing satisfaction of the judgment ultimately to be entered * * * are available under the circumstances and in the manner provided by the law of the state in which the district court is held * * *."

Article 3571 of the LSA–Code of Civil Procedure prescribes the grounds for sequestration. Article 3573, formerly Articles 273 and 274, provides:

> "The court on its own motion may order the sequestration of property the ownership of which is in dispute without requiring security when one

of the parties does not appear to have a better right to possession than the other."

The Louisiana Supreme Court holds that the allowance or disallowance of sequestration is a matter of judicial discretion, likewise the allowance without bond. See Ludwig v. Calloway, 191 La. 1000, 187 So. 4, where it was said:

> "The jurisprudence is uniform that the law vests the power in the district judge to ex proprio motu and without bond judicially sequester property without a hearing, where, after considering all the pleadings and the facts and circumstances alleged by the parties, he is of the opinion that the ends of justice require such action and this decision is left largely to his discretion. Articles 273 and 274, Code Prac. * * *
>
> "In the case, Succession of Pavelka, 157 La. 480, 102 So. 579, 580, we said:
>
> > ' * * * It is within the judicial discretion of the judge to allow or to disallow a judicial sequestration. Code Prac. arts. 273, 274.' "

In the light of the record, the order appealed from did not involve a controlling question of law within the meaning of Section 1292(b) but merely an exercise of a sound judicial discre-

---

mentioned interest you agree to pay $15,000.00 turnkey to the point of setting casing or abandonment. Should we attempt to complete the well, you will pay your proportionate share of well completion, equipment and operating costs."

2. The order provided:

"The foregoing decree is without prejudice to any rights Defendant J. C. Trahan, Drilling Contractor, Inc. may have to apply to the Court from time to time for order or orders releasing any funds in the aforesaid trust account to pay costs of drilling and operating wells on the said State Leases, as well as to reimburse Defendant J. C. Trahan, Drilling Contractor, Inc. for yet unrecovered drilling and operating costs and costs of outside facilities incurred by Defendant J. C. Trahan, Drilling Contractor, Inc., chargeable to the said escrowed interest, in connection with the wells heretofore drilled by Defendant J. C. Trahan, Drilling Contractor, Inc. on said State Leases.

"It is recognized that Plaintiffs Robert D. Sterling and Ruth L. Sterling, his wife, and Defendant J. C. Trahan, Drilling Contractor, Inc. have not acquiesced in this order or consented thereto and that this order is without prejudice to such actions as they may have if it be determined that same was improvidently issued."

3. Sequestration being specifically enumerated.

tion respecting a matter entrusted to the trial court.

The appeal was improvidently granted. It is

Dismissed.