FRUGÉ, Judge.
MOTION TO DISMISS
The plaintiff-appellee, the City of New Iberia, moves to dismiss the appeal of the defendants-appellants, Aleen LeBourgeois Yeutter and Paul A. LeBourgeois, Jr., on the grounds that LSA-R.S. 19:13 as amended does not permit a suspensive appeal in this case, and since the appellants did not ask for a devolutive appeal, the appeal should be dismissed. The Motion is opposed.
This is an expropriation suit pursuant to LSA-R.S. 19:13 et seq. Judgment was rendered in this matter on July 8, 1974 granting the city of New Iberia the right to expropriate the property of the defendants, and awarding the defendants $45,000.-00 in compensation for the property taken. The defendants timely perfected a suspen-sive appeal to this court. The City of New Iberia also perfected a devolutive appeal on the basis of the amount of compensation awarded.
LSA-R.S. 19:13 reads in pertinent part as follows:
“No party to any expropriation proceeding shall be entitled to or granted a sus-pensive appeal from any order, judgment, or decree rendered in such proceeding, whether such order, judgment, or decree is on the merits, exceptions, or special pleas and defenses, or any or all of them. The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal.” LSA-R.S. 19:13.
It is clear from the reading of the above statute that the defendants-appellants are not entitled to a suspensive appeal in this case.
The plaintiff-appellee contends th.at since the defendants-appellants did not ask for a devolutive appeal, and since the delays for answering the appeal of the plain *539 tiff-appellee have expired, the defendants-appellants’ appeal should be dismissed. We disagree.
The jurisprudence of this state is well settled, that even though an appeal cannot be maintained as suspensive, it will be entertained as devolutive, if timely perfected, this notwithstanding the fact that the motion and order for a suspensive appeal did not include any mention of a devolu-tive appeal. Jackson v. Hannie, 225 So.2d 385, (La.App. 3rd Cir. 1969); E. E. Robalais & Son, Inc. v. United Bonding Insurance Company, 225 So.2d 23, (La.App. 3rd Cir. 1969); Home Insurance Company v. Southern Specialty Sales Company, 222 So.2d 649, (La.App. 4th Cir. 1969) ; Woods v. Woods, 128 So.2d 74 (La.App. 3rd Cir. 1963).
Suspensive appeal dismissed, devolutive appeal maintained.