Harry E. BECK, Jr., Doris R. Ambrose, Jacqueline S. Brandon, Mary Anna Cox, Sally B. DiMauro, Rue T. F. Downey, Kathleen A. Heil, John J. Hurley, Harriett Lipschultz, Clay B. Lutz, Barbara McGaughey, Roland R. Merkle, Ethel T. Merryman, Doris J. Morrow, Marion F. Northrop, Frances M. Philips, Vivian Reedy, Barbara A. Russell, Lois A. Stallings, Harry B. Swartz, Sr., Plaintiffs,

v.

COMMUNICATIONS WORKERS OF AMERICA (C.W.A.), an unincorporated Labor Organization, C.W.A. Committee on Political Education (C.W.A. COPE), C.W.A. District II, Local 2100 of C.W.A., Local 2101 of C.W.A., Local 2108 of C.W.A., Local 2110 of C.W.A., Local 2350 of C.W.A., American Federation of Labor-Congress of Industrial Organizations (AFL–CIO), a Federation of National and International Labor Organizations, AFL–CIO Committee on Political Education, Maryland State AFL–CIO.

Civ. No. B–76–839.

United States District Court, D. Maryland.

March 16, 1979.

Hugh L. Reilly, Kensington, Md., for plaintiffs.

Matthew A. Kane, Washington, D. C., and Bernard W. Rubenstein, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

This is an action brought against the Communications Workers of America (CWA) by twenty individuals who pay "agency fees" to that union and its various Maryland locals. The complaint alleges, in essence, that the defendant union has collected and continues to collect from the plaintiffs monies in excess of the amount actually allocable to expenses incurred in connection with collective bargaining, contract administration and grievance adjustment in violation of plaintiffs' first amendment rights.

This court held by Memorandum and Order of January 12, 1979, 468 F.Supp. 87 (D.Md.1979), that the plaintiffs would not be required to exhaust internal union procedures prior to seeking a judicial determination of their rights. The court also determined at that time that the case was appropriate for declaratory judgment, but decided to confer informally with counsel prior to issuing its judgment. Since that time, the defendant has raised two issues which must be decided before judgment in the case may be entered.

The first is whether the plaintiffs have standing to challenge the CWA procedure at all, since, by their own admission, they never invoked the rebate procedure and, according to the defendant, several of them

failed to direct formal letters of protest to the union prior to filing the complaint in this case.[1] This court finds that the plaintiffs do have standing to bring this action.

The requirement that objectors voice their protest was set out in *International Association of Machinists v. Street*, 367 U.S. 740, 774, 81 S.Ct. 1784, 1803, 6 L.Ed.2d 1141 (1961) in which the Court stated that relief in such a case "would properly be granted only to employees who have made known to the union officials that they do not desire their funds to be used for political causes to which they object." The Court enlarged upon this statement in *Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees v. Allen*, 373 U.S. 113, 119 n.6, 83 S.Ct. 1158, 1162, 10 L.Ed.2d 235 (1963), when it stated:

> Respondents first made known their objection to the petitioners' political expenditures in their complaint filed in this action; however, this was early enough.

Thus, it is clear that the law does not require an affirmative demonstration of protest as a condition precedent to bringing suit. All that is required is that the individual dissenter make known his position so that, in fairness to the union, no one who does *not* object to the union's political expenditures is able to secure relief. *Street, supra,* 367 U.S. at 774, 81 S.Ct. 1784; *Allen, supra,* 373 U.S. at 119, 83 S.Ct. 1158. In the instant case, the plaintiffs unequivocally made known their protest by filing suit. As in *Allen, supra,* that is "early enough." Accordingly, defendant's motion to dismiss for lack of standing will be denied.

Second, CWA has recently moved this court to reconsider its Memorandum and Order of January 12, 1979 or, in the alternative, to certify an interlocutory appeal under 28 U.S.C. § 1292(b). In its motion for reconsideration, the defendant relies upon *Reid v. United Auto Workers*, 479 F.2d 517 (10th Cir.), *cert. denied*, 414 U.S. 1076, 94 S.Ct. 572, 38 L.Ed.2d 483 (1973), and *Seay v. McDonnell Douglas Corp.*, 371 F.Supp. 754 (C.D.Cal.1973), *aff'd in part, reversed in part*, 533 F.2d 1126 (9th Cir. 1976), and asserts that CWA's "Partisan Politics-Policy" (copy appended to January 12 Memorandum and Order, 468 F.Supp. at 92, is in every respect satisfactory and that the plaintiffs should be required to exhaust internal union remedies. The defendant union has not brought to the court's attention any material which was not previously considered in connection with the motion to dismiss or to stay pending exhaustion. This court considered carefully the applicability of both *Reid* and *Seay* but concluded that in this case, it would not be helpful to require the plaintiffs to invoke and exhaust the union's rebate procedure. The decision to grant or deny a stay is a discretionary one, 1 C.J.S. Actions § 133, and this court is satisfied that the exercise of its discretion was sound. Since the defendant has cited no authority which the court has not long had before it, and for the reasons already stated, the motion to reconsider the Memorandum and Order of January 12, 1979 will be denied.

In the alternative, the defendant has moved this court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). That section provides for such an appeal where an otherwise non-appealable order involves a controlling question of law as to which there is substantial ground for difference of opinion and which, if resolved, may materially advance the ultimate termination of the litigation. Section 1292(b), a narrow exception to the longstanding rule

---

1. This court notes that the defendant has taken a somewhat ambivalent position throughout this litigation vis-a-vis the standing of the plaintiffs. CWA filed a serious motion to dismiss or in the alternative to stay the proceedings pending plaintiffs' exhaustion of the internal union rebate procedure, which was denied by Memorandum and Order of this court. January 12, 1979, 468 F.Supp. 87 (D.Md.1979). In its

motion, CWA asserted that several of the plaintiffs had invoked the procedure and should be required to exhaust, and that others who had not invoked the procedure should be dismissed for lack of standing. More recently, in its Motion for Reconsideration, etc. (*see* infra at 95) CWA states at 2, " 4 that "[a]ll plaintiffs are considered to have invoked the procedure for all years since 1976."

against piecemeal appeals, is limited to exceptional cases. *Milbert v. Bison Laboratories,* 260 F.2d 431, 433 (3d Cir. 1958); *Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir. 1959). This court is not of the opinion that this is an issue which requires application of the statute: it involves neither a "controlling question of law," nor would an interlocutory appeal "materially advance the ultimate termination of [this] litigation."

The question decided by this court in its January 12, 1979 Memorandum and Order was whether, under the facts of the case, it should stay proceedings and require the plaintiffs to exhaust the internal union rebate procedure prior to seeking judicial determination of what proportion of their "agency fees" could properly be collected by the union. This court found guidance in the Supreme Court's remark that a stay in such a case is "not strictly required by any doctrine of exhaustion of remedies," *Abood v. Detroit Board of Education,* 431 U.S. 209, 242, 97 S.Ct. 1782, 1803, 52 L.Ed.2d 261 (1977), and determined, under facts peculiar to this case, that a stay would not promote resolution of this controversy. As noted above, the decision to deny the stay was within the discretion of the court. It involved more a question of fact than one of law; it certainly did not call into issue a "controlling question of law as to which there is substantial ground for difference of opinion" as required by 28 U.S.C. § 1292(b). The language and spirit of the section indicate that a discretionary decision such as this one ought not be treated as a controlling question of law. *J. C. Trahan Drilling Contractor, Inc. v. Sterling,* 335 F.2d 65, 66–67 (5th Cir. 1964).

Second, and more important, it does not appear that an immediate appeal would promote the termination of the litigation. This court denied the requested stay for the express reason that it did not appear that exhaustion of the CWA rebate procedure would in any way move the case toward resolution. See Memorandum and Order of January 12, 1979, 468 F.Supp. at 91 (D.Md.1979). The amount of time necessary for the series of judicial and intra-un-

ion hearings and appeals contemplated by the defendant's motion for certification under § 1292(b) would better be calculated in years rather than months, and, in all likelihood, at the end of it all, this court would be called upon to make the determination it is now prepared to make. *Cf., e. g., Gottesman, supra,* 268 F.2d at 197. Accordingly, the defendant's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) will be denied.

The above outstanding issues having been resolved, there remains for this court the task of declaring its judgment as to the rights and obligations of the parties. This case presents an actual controversy within the jurisdiction of this court and the appropriate pleadings have been filed; accordingly, declaratory judgment is proper. 28 U.S.C. § 2201.

■ It is clear that in both the private and the public sectors, workers who are not union members may be obliged to pay "agency fees" to the recognized labor union as a condition of employment when the union-management contract requires such payments. *NLRB v. General Motors Corp.,* 373 U.S. 734, 735, 83 S.Ct. 1453, 10 L.Ed.2d 670 (1963); *Oil, Chemical and Atomic Workers International Union, AFL–CIO v. Mobil Oil Corp.,* 426 U.S. 407, 409 and n.1, 96 S.Ct. 2140, 48 L.Ed.2d 736 (1976). It is equally clear that labor organizations may not collect and disburse such "agency fees" for purposes other than "collective bargaining, contract administration, and grievance adjustment" without seriously implicating the first amendment rights of free speech and association of fee payors who object. *Abood v. Detroit Board of Education,* 431 U.S. 209, 225–26, 232 and 235–36, 97 S.Ct. 1782, 1794, 52 L.Ed.2d 261 (1977).

■ In this case it is undisputed that the defendant union, CWA, has negotiated an "agency shop" clause with the plaintiffs' employers which allows the union to collect dues-equivalent payments from the plaintiffs. *See* Exhibits A–1 and A–2 to the Complaint. It is also clear that the plaintiffs object to the expenditure of their

funds for purposes other than "collective bargaining, contract administration, and grievance adjustment." Finally, it is undisputed that CWA has spent and continues to spend an as yet undetermined fraction of its dues receipts and dues-equivalent agency receipts for purposes other than the three enumerated ones.

Thus it appears that the plaintiff agency-fee payors are entitled to a declaratory judgment that exaction of fees for activities other than "collective bargaining, contract administration and grievance adjustment" is improper, a decree ordering restitution of the amounts improperly collected by the union in the past, and an injunction against future collection of amounts authorized by the agency shop clause in excess of the amount necessary for the three enumerated purposes. *Allen, supra,* 373 U.S. at 122, 83 S.Ct. 1158; *Street, supra* at 774, 81 S.Ct. 1784. This relief necessarily requires a determination of what proportion of the union's total expenditures is attributable to activities other than collective bargaining, contract administration and grievance adjustment. *Street, supra,* 367 U.S. at 775, 81 S.Ct. 1784; *Allen, supra* at 121, 83 S.Ct. 1158. The burden of proving such proportion rests upon the union, but "[a]bsolute precision in the calculation of such proportion is not, of course, to be expected or required," *Allen, supra* at 122, 83 S.Ct. at 1163.

Accordingly, it is the judgment of this court, to be set forth separately by the Clerk as required by Fed.R.Civ.P. 58, that:

(1) Pursuant to the agency shop clause in its collective bargaining agreement with plaintiffs' employers, the defendant, CWA, has collected and continues to collect from the plaintiffs amounts beyond that allocable to collective bargaining, contract administration and grievance adjustment;

(2) That such collection by the defendant violates the first amendment rights of the plaintiffs;

(3) That the parties may agree upon the percentage of the defendant's budget disbursed for purposes other than the three permissible ones;

(4) That if, at the expiration of thirty (30) days from the date of this Order, the parties remain unable so to agree, then, pursuant to Fed.R.Civ.P. 53, the matter will be referred to a master of the parties' own choosing;

(5) That if, at the expiration of ten (10) days from that date, the parties are unable to agree upon a master, then this court will appoint a master;

(6) That in the event of reference to a master, of either the parties' or the court's choosing, if the parties are unable to agree upon an equitable allocation of the costs of the reference, then this court will direct the master to make findings of fact and recommendations with respect to the apportionment of costs as between the parties which the court may adopt;

(7) That when it has been determined what portion of the agency fees the defendant has collected improperly, the defendant is to refund to each plaintiff for every year since January 1, 1976 an amount reflecting that portion of his dues-equivalent agency fees which was spent for purposes other than collective bargaining, contract administration and grievance adjustment; and

(8) The provisions of this Order are expressly conditioned upon the plaintiffs' dismissing the AFL–CIO and its named affiliates from this action, as counsel for the plaintiffs represented informally they would do upon entry of this Order.

It is SO ORDERED.

It is further ORDERED that:

(1) Defendant's motion to dismiss for lack of standing be, and the same hereby is, DENIED;

(2) Defendant's motion for reconsideration be, and the same hereby is, DENIED; and

(3) Defendant's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) be, and the same hereby is, DENIED.