Annie Lee HUDSON, K. Celeste Campbell, Estherlene Holmes, Edna Rose McCoy, Dr. Debra Ann Petitan, Walter A. Sherrill, and Beverly F. Underwood, Plaintiffs,

v.

The CHICAGO TEACHERS UNION, LOCAL NO. 1; Robert M. Healey, Jacqueline B. Vaughn, Rochelle D. Hart, Thomas H. Reece, Glendis Hambrick, individually and as officers of the Chicago Teachers Union; the Board of Education of the City of Chicago, Illinois; Raoul Villalobos, Martha Jantho, Thomas Corcoran, Betty Bonow, Sol Brandzel, Clark Burrus, Leon Jackson, Rose Mary Janus, Dr. Wildred Reid, Myrna Salazar, Dr. Luis Salces, Viola Thomas, individually and as officers and members of the Board of Education of the City of Chicago, Illinois, Defendants.

No. 83 C 2619.

United States District Court, N.D. Illinois, E.D.

Oct. 14, 1987.

Joseph J. Hahn, Arvey, Hodes, Costello & Burman, Chicago, Ill., Edwin Vieira, Jr., Independent Hill, Va., for plaintiffs.

Charles Orlove, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for defendant Union.

P. Kevin Connelly, Jody Wilner, Lederer, Reich, Sheldon & Connelly, Chicago, Ill., for the School defendants.

## ORDER

BUA, District Judge.

Plaintiffs in this case have moved for class certification. Originally, the motion was referred to Magistrate Joan H. Lefkow. On July 31, 1987, Magistrate Lefkow submitted a report to this court recommending certification of plaintiffs' proposed class for the purpose of notice, as well as certification of a subclass that would be eligible for monetary relief. After reviewing the magistrate's report *de novo* pursuant to Fed.R.Civ.P. 72(b), this court declines to adopt the magistrate's recommendation, and enters an order denying plaintiffs' motion.

## FACTS

The Chicago Teachers Union ("CTU") serves as the exclusive bargaining agent for the City's teachers and certain other employees of the Chicago Board of Education. Under CTU's contract with the Board, all members of the bargaining unit who do not wish to join the union must pay CTU their proportionate share of the union's collective bargaining expenses.

Plaintiffs in this case are seven nonunion employees of the Board who belong to the bargaining unit represented by CTU. They objected to the union's procedure for determining the "proportionate share" payments of nonunion employees. Plaintiffs argued that the procedure violated the First Amendment by failing to guard against CTU's use of nonmembers' payments to support ideological causes that the nonmembers personally oppose. *See Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977).

This court originally rejected plaintiffs' constitutional claims. 573 F.Supp. 1505 (N.D.Ill.1983). On appeal, however, the Seventh Circuit reversed. A three-judge panel concluded that CTU's procedure did not adequately safeguard the First Amendment rights of dissenting nonmembers, whose union contributions might be used to finance political causes of which they disapprove. 743 F.2d 1187 (7th Cir.1984). The United States Supreme Court affirmed the Seventh Circuit's ruling, and remanded the case to this court for determination of the appropriate remedy. 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986).

On remand, plaintiffs seek certification of a class consisting of all past, present,

and future Board employees who are not members of CTU, and who have made payments to CTU pursuant to the proportionate share payment plan for nonunion employees. The magistrate has recommended certification of plaintiffs' proposed class, but only for the purpose of notifying class members of their right to receive information concerning CTU expenditures. The magistrate has also recommended certification of a subclass, consisting of those persons who raise objections after receiving notice and information. Under the magistrate's proposal, only those objecting class members could seek monetary relief.

## DISCUSSION

■ The magistrate has prepared an exhaustive report discussing all the various facets of the law governing class actions. Ultimately, however, the decision to certify a class in this case hinges on a single issue: the type of relief that the class is seeking. In recommending certification, the magistrate characterized this litigation as a (b)(2) class action in which plaintiffs are requesting primarily injunctive or declaratory relief. See Fed.R.Civ.P. 23(b)(2). This court must respectfully disagree with the magistrate's characterization of this case.

Although this lawsuit may have commenced in a (b)(2) posture, injunctive relief is no longer the primary rationale underlying plaintiffs' motion for class certification. The Supreme Court has already granted the injunctive relief that plaintiffs initially sought. Under the fee-collection scheme mandated by the Court, all nonunion employees will receive "an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending." 106 S.Ct. at 1078. Thus, regardless of whether a class is certified in this case, all prospective class members will benefit from a revised fee-collection

procedure that more fully protects their First Amendment rights.

■ Consequently, the only reason to certify a class at this point would be to allow class members to seek money damages from CTU. Now that the primary purpose of the proposed class is the pursuit of money damages, this case is more accurately characterized as a (b)(3) class action. See Fed.R.Civ.P. 23(b)(3).[1] Perhaps in another factual setting, this litigation could proceed as a class action. In this case, however, both the Seventh Circuit and the Supreme Court have ruled on the merits of plaintiffs' claims. In a (b)(3) class action such as this case, Rule 23 requires class certification prior to a determination on the merits. Roberts v. American Airlines, Inc., 526 F.2d 757, 763 (7th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); Peritz v. Liberty Loan Corp., 523 F.2d 349, 353–54 (7th Cir.1975). This requirement prevents the inequitable practice of "one-way intervention," whereby a prospective plaintiff could avoid the binding effect of an adverse judgment against a class by waiting to see whether the class prevailed on the merits before joining the class himself. American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 547, 94 S.Ct. 756, 763, 38 L.Ed.2d 713 (1974); Jimenez v. Weinberger, 523 F.2d 689, 697–98 (7th Cir.1975), cert. denied, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976).

The previous adjudication of the merits of plaintiffs' claims precludes certification of a class whose members seek money damages. Acting in accordance with Rule 23, this court has no choice but to deny plaintiffs' motion for class certification.

## CONCLUSION

For the foregoing reasons, this court declines to adopt the magistrate's report and recommendation, and enters an order denying plaintiffs' motion for class certification.

IT IS SO ORDERED.

1. Contrary to plaintiffs' contentions, class members would not be entitled to restitution of all fees that they paid under the constitutionally flawed procedure. Each individual class member could only recover that portion of his fees used to support political causes to which he objected. Thus, a monetary remedy in this case would entail precisely the sort of individualized claims for money damages that can only be maintained in a (b)(3) class action.